UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 20-03230 |
| Richard T. McGinnis | ) | |
| | ) | Chapter: 13 |
| | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## AGREED ORDER ON MOTION
## FOR RELIEF FROM THE AUTOMATIC STAY

Home Point Financial ("Secured Creditor") and Debtor, through their attorneys, in settlement of the Motion for Relief from the Automatic Stay filed by Secured Creditor, have agreed to the following terms,

IT IS ORDERED:

1. Secured Creditor filed a Motion for Relief from the Automatic Stay of 11 U.S.C. § 362 due to Debtor's failure to pay post-petition payments regarding the Debtor's residence, 9834 S. Dobson Avenue, Chicago IL 60628.

2. In settlement of the Motion for Relief, Debtor has agreed to repay the post-petition delinquency of $10,000.16 (9 post-petition payments due May 1, 2020 through and including January 1, 2021 in the amount of $996.56 each, bankruptcy fees/costs totaling $1,038.00, less a suspense balance of ($6.88)) by making the following payments:

1/31/2021 $3,500.00
2/15/2021 $1,083.36
3/15/2021 $1,083.36
4/15/2021 $1,083.36
5/15/2021 $1,083.36
6/15/2021 $1,083.36
7/15/2021 $1,083.36

3. Secured Creditor must receive the payments listed in paragraph 3 on or before the corresponding date. If Debtor fails to make the payments as provided for in paragraph 3, and if the Debtor fails to bring the loan post-petition current within fourteen (14) calendar days after notification is mailed to the Debtor and his attorney, the stay will be automatically terminated as to Secured Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing notice of same with the Clerk of the Court.

4. Debtor will resume and maintain the regular monthly payments beginning February 1, 2021 and must continue to make timely post-petition mortgage payments directly to the Secured Creditor continuing monthly thereafter for the pendancy of the bankruptcy.

    5. If Secured Creditor fails to receive two (2) timely post-petition mortgage payments and if the Debtor fails to bring the loan post-petition current within fourteen (14) calendar days after a notification is mailed to the Debtor and his attorney, the stay will be automatically terminated as to Secured Creditor, its principals, agents, successor and/or assigns as to the property securing its interest, upon filing of notice of same with the Clerk of the Court.

    6. Upon dismissal, discharge, chapter conversion or relief from stay, the foregoing terms and conditions will cease to be binding. Payments will be due pursuant to the terms of the original agreement, and Secured Creditor may proceed to enforce it remedies under applicable non-bankruptcy law against the real property and/or against Debtor.

    7. The automatic stay will remain in effect as to the property described above, that Debtor will provide Secured Creditor with adequate protection according to the foregoing terms. In the event that Debtor fails to provide Secured Creditor with adequate protection on such terms, the automatic stay of 11 U.S.C. § 362 will terminate as described above.

Enter:

Honorable Carol A. Doyle
United States Bankruptcy Judge

Dated: January 19, 2021

**Prepared by:**

/s/ Kathryn A. Klein
Kathryn A. Klein #06199235
Riezman Berger, P.C.
7700 Bonhomme Ave, 7th Floor
Clayton, MO 63105
(314) 727-0101
kak@riezmanberger.com
Attorney for Secured Creditor

/s/ Robert Bansfield, Jr.
Robert Bansfield, Jr.
David M Siegel
790 Chaddick Drive
Wheeling, IL 60090
(847) 520-8100
Attorneys for Debtor